UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI AL-AHMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0678 (ESH) |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| U.S. Department of Homeland Security, *et al.* ) | |
| ) | |
| Defendant. ) | |
| ) | |

## <u>MOTION TO TRANSFER</u>

Defendants, by and through their undersigned counsel, hereby move to transfer this action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Defense counsel attempted to contact Plaintiff's counsel to learn Plaintiff's position on this Motion, but as of filing, has yet to hear a response. A proposed order and memorandum of points and authorities are attached hereto.

Dated: June 13, 2008
      Washington, DC

                                 Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


      /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALI AL-AHMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0678 (ESH) |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| U.S. Department of Homeland Security, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THEIR MOTION TO TRANSFER

Defendants Michael Chertoff, Secretary, U.S. Department of Homeland Security ("DHS"); Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services ("USCIS"); Phyllis Howard, District Director, USCIS; and Michael Mukasey, Attorney General, U.S. Department of Justice ("DOJ") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of points and authorities in support of their Motion to Transfer ("Motion"). For the reasons stated herein, the Court should transfer this action to the United States District Court for the Eastern District of Virginia ("EDVA").

## PRELIMINARY STATEMENT

Plaintiff purports to bring this case to compel Defendant to adjudicate various immigration applications filed by Plaintiff. Specifically, Plaintiff seeks to compel USCIS to adjudicate Plaintiff's (a) I-485 application to adjust to permanent resident status; (b) I-131 application for an INS travel document; and (c) I-765 application for employment authorization. Plaintiff alleges that the Defendants have failed to adjudicate his applications within a reasonable

amount of time and seeks an order from the Court compelling Defendants to complete the adjudication of his applications. *See* Compl. at ¶ 2.

Although Plaintiff initiated this action in this Court, venue is more appropriate in the EDVA. Indeed, the only link between this action and this District is that certain high ranking agency officials named as defendants in this action have offices located in the District of Columbia. However, the events giving rise to the Complaint, and the processing and adjudication of a majority of Plaintiff's immigration applications (*i.e.*, his I-131 and I-765 applications), have occurred in, or will occur in, the EDVA -- principally at USCIS's Washington Field Office, which is located in Fairfax, Virginia.[1] Additionally, Plaintiff himself resides in Arlington, Virginia, which is located within the EDVA. Accordingly, the EDVA is a more appropriate forum for this case than this Court, and the interests of justice support transfer.

## ARGUMENT

### I.    STANDARD OF REVIEW FOR A MOTION TO TRANSFER.

Section 1404(a) of Title 28 of the U.S. Code permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In analyzing the propriety of a motion to transfer, a court must first determine whether the action could have been brought in the district to which transfer is sought. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *citing Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). The Court then must engage in a case-by-case analysis and balance the private interests of the parties and public interests such as efficiency and fairness. *Id.* at 29; *Abusadeh v. Chertoff*, Civ. A. No. 06-2014 (CKK), 2007

---

[1]      Plaintiff's remaining application -- his I-485 application -- was filed when the Plaintiff resided in St. Paul, MN, and is being processed at USCIS's Chicago Field Office located in Chicago, IL. Given that a majority of the Plaintiff's applications are being processed in Fairfax, VA, and Plaintiff himself now resides within the Eastern District of Virginia, Defendant believes that the Eastern District of Virginia is a more suitable venue than the Northern District of Illinois.

WL 2111036, at *3 (D.D.C. July 23, 2007) (transferring mandamus case regarding immigration application to the U.S. District for the Southern District of Texas when Plaintiff's immigration applications were pending at USCIS's Houston Field Office).

Further, in conducting its interests analysis, when a plaintiff bases its venue arguments solely on federal agency defendants' presence in Washington D.C., a court should carefully consider whether venue is proper. *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (ordering transfer to Southern District of Indiana, holding "[c]ourts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."). That close scrutiny has led courts in this District to invoke their transfer authority pursuant to 28 U.S.C. § 1404(a) and transfer cases to a district with a closer connection to the parties' dispute. *See, e.g.*, *Abusadeh*, 2007 WL 2111036, at *6-*9; *Fayyaz v. Dep't of Homeland Security*, Civ. A. No. 06-2016 (HHK), Attached Ex. 1 (D.D.C. Oct. 25, 2007) (Unpublished) (transferring mandamus action concerning immigration application to the Southern District of Texas because plaintiff resided in that district and the USCIS field office processing Plaintiff's application was located within that district); *Poliakova v. Gonzales*, Civ. A. No. 07-1210 (RCL), Attached Ex. 2 (D.D.C. Dec. 17, 2007) (transferring mandamus action concerning immigration application to Southern District of Florida for the same reasons) (also Attached Ex. 2 contains a response to plaintiff's surreply, which provides context for Judge Lamberth's Order); *Southern Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 86-89 (D.D.C. 2005) (Bates, J.) (concluding environmental case should be transferred to Utah where D.C. officials only set general policies and did not make specific decisions being appealed); *Joyner v. District of Columbia*, 267 F.

Supp. 2d 15, 20-21 (D.D.C. 2003) (Walton, J.) (holding that the case's only connection to Washington, D.C. was the situs of named federal government defendants and transferring to a district with which the case had several connections).

Based upon this precedent, the Court should transfer this action to the EDVA.

## II.    THE COURT SHOULD TRANSFER THE CASE TO THE EASTERN DISTRICT OF VIRGINIA.

It is clear that this action could have been brought in the EDVA and the interests heavily weigh in favor of transfer.

### A.    This Action Could Have Been Brought in the EDVA.

This case is governed by the general venue statute, 28 U.S.C. § 1391, which establishes default rules for venue that apply to federal lawsuits where the underlying statutes do not specify their own venue rules. *See* 28 U.S.C. § 1391(a), (b), and (e) (each applying "except as otherwise provided by law."). Section 1391 identifies three possible bases for venue for claims against federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action." 28 U.S.C. § 1391(e). Based upon this statute, Plaintiff clearly could have brought this case in the Eastern District of Virginia.

*First*, Plaintiff resides in the Eastern District of Virginia. *See* Compl. ¶ 7. *Second*, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Eastern District of Virginia, as his I-131 and I-765 applications are pending before USCIS's Washington District Office located in Fairfax, Virginia. *See* Compl., ¶¶ 21, 27, Ex. L; Office Detail: Washington Field Office, Attached Ex. 3 (downloaded from www.uscis.gov on June 9, 2008). That is, because a majority of Plaintiff's applications are pending at the Washington Field Office, that field office will adjudicate most of Plaintiff's applications. Therefore, any alleged delay in

the processing of those applications is a matter related to the activities of that USCIS field office located within the EDVA. *See generally* Compl. ¶ 18. Moreover, the Fairfax, Virginia based field office is the office (i) where Plaintiff submitted certain fingerprint cards, (ii) that received Plaintiff's inquiries regarding the status of his application; and (iii) that conducted Plaintiff's adjustment of status interview. *See* Compl. ¶¶ 16, 17, 29. In sum, the majority of the adjudications at issue in this action are being conducted by USCIS staff located in the EDVA, making venue proper in that court under 28 U.S.C. § 1391.[2] *See Abusadeh*, 2007 WL 2111036, at *6.

**B.      The Private Interests Favor Transfer to the EDVA.**

The private interests favor transfer to the EDVA. The factors courts consider when assessing private interests in venue include: Plaintiff's choice of forum, Defendants' choice of forum, whether the claim arose elsewhere, convenience of the parties, convenience of the witnesses, and ease of access to sources of proof. *See Abusadeh*, 2007 WL 2111036, at *4. Although courts generally accord substantial deference to a plaintiff's choice of forum, that deference is lessened when the forum chosen is not the plaintiff's home forum. *See Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002), *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). Section 1404(a) allows for "discretion in the district court to adjudicate motions to transfer according to [an] individualized case-by-case consideration of convenience and fairness." *Stewart Org.*, 487 U.S. at 29 (quotations omitted). Courts also apply less deference when the chosen forum has an inadequate nexus to the events in the case. *See Southern Utah Wilderness Alliance*, 315 F. Supp.2d at 86.

---

[2]      As noted above, one of Plaintiff's applications is pending at the Chicago Field Office. *See supra* at n.1. However, none of Plaintiff's applications are pending at a field office within the District of Columbia.

1.    <u>Plaintiff's Choice of Forum Deserves Little Deference</u>.

Plaintiff's choice of forum deserves little deference in this action because he does not reside in this District, and because this District lacks meaningful ties to the controversy. Plaintiff resides in Arlington, VA. *See* Compl. ¶ 7. As noted, the Washington Field Office, located in the Eastern District of Virginia, is charged with adjudicating Plaintiff's naturalization application. *See* Compl. ¶ 2. Thus, federal officials in the Eastern District of Virginia will make the final decision regarding that application, and any intermediate decisions made during that adjudicatory process.

Accordingly, this case is similar to other cases in which courts have found that the private interests favor transfer because the "primary issue in th[e] case" concerns a decision made by an agency field office. *See, e.g. Southern Utah Wilderness Alliance*, 315 F. Supp.2d at 87; *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 67-68 (D.D.C. 2003) (Urbina, J.) (transferring case because federal officials in Florida made the relevant decision and officials in Washington, D.C. were not involved in the decision making process); *Airport Working Group of Orange County, Inc. v. United States Dep't of Defense*, 226 F. Supp. 2d 227, 230-31 (D.D.C. 2002) (Huvelle, J.) (transferring because connection to DC was "attenuated" where D.C. officials were not actively involved in challenged decision). That is, the fact that some of the defendants are high government officials with offices in the District of Columbia does not establish a sufficient connection to this District to make this an appropriate forum when they are not truly involved in the events and circumstances of the action.[3]

---

[3]    Although Plaintiff alleges that a substantial part of the events occurred in Washington DC (Compl. at ¶ 6) , this conclusory allegation is directly refuted by the undisputable evidence presented herein. *See, e.g., Starnes v. McGuire*, 512 F.2d 918, 933-34 (D.C. Cir. 1974) (courts may look beyond assertions in the complaint when considering a transfer motion under 28 U.S.C. Sect. 1404(a)).

2. **Defendants' Choice of Forum Would Place This Case in a District With <u>Strong Connections to Plaintiff's Case.</u>**

The Court also considers Defendants' choice of forum. Defendants have legitimate reasons for seeking transfer. The EDVA is where Plaintiff resides and is the jurisdiction that is home to the USCIS Washington Field Office. The Washington Field Office has the strongest connection to the case, since that office is adjudicating a majority of Plaintiff's immigration applications and interviews. Compl. at ¶¶ 2, 17, 18, 21, 27.

**C.  Other Compelling Reasons Support Transfer of Venue to the Eastern District of Virginia.**

There are other compelling reasons to transfer this case to the EDVA. First, because this case involves activities taking place in Fairfax and Arlington, Virginia, there is local interest in resolving it there. *See Schmidt v. American Institute of Physics*, 322 F. Supp.2d 28, 36 (D.D.C. 2004) (holding that cases should be resolved in the locale in which they arise); *Abusadeh*, 2007 WL 2111036, at *8. Further, because the Washington Field Office is located within the EDVA, the EDVA is a more convenient jurisdiction in which to litigate this case because the people directly involved in adjudicating his application and the documents related to the case are located within that district. *See* Compl. at ¶¶ 21, 27, Exs. I, J, L.

**D.  Transfer Would Serve the Public Interest.**

The public interest also favors transfer. Public interest considerations on motions to transfer include: the transferee's familiarity with governing laws, relative congestion of the calendars of the potential transferee and transferor courts, and local interests in deciding local controversies at home. *See Abusadeh*, 2007 WL 2111036, at *4. Quite clearly, these factors also favor transfer. For example, because this action concerns federal law, the Eastern District of Virginia is as familiar with the applicable law as the District of Columbia. Moreover, the EDVA has a local interest in resolving this local controversy at home. *See id.* at *8 ("superior interest in

addressing the instant controversy because there is a local interest in having localized controversies decided at home.") (quotations omitted).

## **<u>CONCLUSION</u>**

For the foregoing reasons, this Court should transfer this action to the EDVA.

Dated: June 13, 2008
        Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


          /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


          /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

# EXHIBIT
# 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| MOHAMMAD FAYYAZ and GIZELA FAYYAZ, |
| Plaintiffs, |
| v. |
| DEPARTMENT OF HOMELAND SECURITY, et al., |
| Defendants. |

Civil Action 06-02016 (HHK)

**ORDER OF TRANSFER**

Before the court is the motion of defendants to transfer or, in the alternative, to dismiss [#5]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion to transfer this action to the Southern District of Texas should be granted. The Southern District of Texas is the more appropriate venue for this action because plaintiffs reside in Houston, Texas, the United States Citizenship and Immigration Services Office with jurisdiction over plaintiffs' adjustment application is there, and plaintiffs' alleged harm occurred there.

Accordingly, it is this 25th day of October, 2007, hereby

**ORDERED** that the Clerk of the Court shall effect the transfer of this action to the Southern District of Texas.

Henry H. Kennedy, Jr.
United States District Judge

# EXHIBIT
# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATALIA V. POLIAKOVA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 07-1210 (RCL) |
| | § | |
| EMILIO T. GONZALEZ, DIRECTOR | § | |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES (USCIS), | § | |
| MICHAEL CHERTOFF, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| ROBERT S. MUELLER, DIRECTOR, | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § | |
| LINDA SWACINA, DIRECTOR, MIAMI | § | |
| DISTRICT OFFICE, USCIS | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Upon consideration of Defendants' Motion [11] to Transfer Venue and for Enlargement of

Time to File Answer, it is this 17th day of December, 2007,

ORDERED that Defendants' Motion be, and hereby is, granted, for the reasons stated well in

Defendants' response to Plaintiff's sur-reply; it is further hereby

ORDERED that this case be, and hereby is, TRANSFERRED to the Southern District of Florida;

it is further hereby

ORDERED that Defendants' Answer or other response to the complaint shall be due no sooner

than 15 days after the Southern District of Florida dockets the case in that district.

SO ORDERED.


Signed by United States District Judge Royce C. Lamberth on December 17, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATALIA V. POLIAKOVA, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § CIVIL ACTION NO. 07-1210 (RCL) |
| | § |
| EMILIO T. GONZALEZ, DIRECTOR | § |
| UNITED STATES CITIZENSHIP AND | § |
| IMMIGRATION SERVICES (USCIS), | § |
| MICHAEL CHERTOFF, SECRETARY, | § |
| UNITED STATES DEPARTMENT OF | § |
| HOMELAND SECURITY, | § |
| ROBERT S. MUELLER, DIRECTOR, | § |
| FEDERAL BUREAU OF INVESTIGATION, | § |
| LINDA SWACINA, DIRECTOR, MIAMI | § |
| DISTRICT OFFICE, USCIS | § |
| | § |
| *Defendants.* | § |

**RESPONSE TO PLAINTIFF'S SURREPLY**

This case presents a straightforward venue question: whether a mandamus complaint

which seeks an order compelling an agency to complete its adjudication of an adjustment of

status application should be transferred to the district in which such adjudication will occur and

in which the plaintiff resides. Two members of this Court have addressed this issue, and both

concluded that the district in which the United States Customs and Immigration Services

("USCIS") office or service center that will adjudicate the application is located is a more

appropriate forum than the District of Columbia. See Abusadeh v. Chertoff, 2007 WL 2111036,

at *6-*9 (D.D.C. July 23, 2007) (transferring mandamus action seeking adjudication of

adjustment of status application to Southern District of Texas because that was where the

application was being adjudicated); Fayyaz v. Dep't of Homeland Security, No. 06-2016

(D.D.C. Oct. 25, 2007) (unpublished Order) (transferring mandamus action concerning I-485 to

the Southern District of Texas because that is where plaintiffs resided and the district in which

the USCIS office with jurisdiction over their applications was located) (attached as Exh. 3 to Dkt. Entry 19). Plaintiff has not cited a single case holding that a mandamus action seeking to compel field office employees to grant relief should instead be heard in the district in which the Director of an agency is located, and Defendants are aware of none.

The Chief of Staff of the USCIS Miami District Office, Maria Aran, has twice testified under penalty of perjury that the Miami District Office is responsible for adjudicating Plaintiff's adjustment of status application, and is the office that will grant or deny the application. See Dkt. Entry 11 at Exh. 1; Dkt. Entry 19 at Exh. 1. Plaintiff's unfounded speculation that the adjustment application was or may be referred to Washington — which Ms. Aran has specifically rebutted — does not come close to overcoming the presumption of good faith accorded to Ms. Aran's testimony. Indeed, the notion that Plaintiff is better suited than USCIS to opine on where the adjudication will occur is what "strains credibility," not Defendants' arguments. Surreply at 3 (Dkt. Entry 22).

Plaintiff's adjustment of status application is the only application whose adjudication the complaint seeks to compel. See Compl. at 13 (prayer for relief). Plaintiff repeats that prayer for relief in the surreply. See Surreply at 6 (Dkt. Entry 22). Thus, it is of no moment that one of the other immigration applications Plaintiff filed may have been referred to USCIS headquarters in Washington D.C. before it was granted.[1] The salient point is that the adjustment application has never been transferred to Washington, D.C., and will be adjudicated by personnel at the Miami District Office.

---

[1] The email communications Plaintiff submitted state only that a specific I-131 application "was relocated to Central Office Washington," and do not address Plaintiff's entire "file" or the I-485 application. See Dkt. Entry14. That I-131 was filed in December, 2006 — three years after Plaintiff filed the I-485. See Aran Decl. ¶ 5 (Exh. 1 to Dkt. Entry 19). The reasons for that transfer are irrelevant, as that request for a travel document was approved and is not at issue in this case.

2

Nor does it matter where the FBI agent(s) conducting Plaintiff's background checks may be physically located. The FBI does not adjudicate adjustment of status applications, and will forward the results of its investigation to USCIS. Thus, "the fact that the FBI . . . may play a role in the processing of Plaintiff's application . . . does not alter the fact that the ultimate decision on Plaintiff's application for naturalization . . . will be made" at the Miami District Office. Abusadeh, 2007 WL 2111036, at *7.

Finally, Plaintiff's suggestion that her choice of forum is entitled to significant deference is misguided. See Surreply at 3 (Dkt. Entry 22). The fact that Plaintiff resides in the Southern District of Florida reduces the deference that might otherwise apply to her choice of the District of Columbia as a forum. See Shawnee Tribe v. United States, 298 F. Supp. 2d 21, 24 (D.D.C. 2002) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)). Moreover, for the reasons discussed supra, this District lacks "meaningful ties" to the controversy, because the actions Plaintiff seeks to compel will occur in the Southern District of Florida. Shawnee Tribe, 298 F. Supp. 2d at 24. The lack of any significant connection between the District of Columbia and the adjudicatory decisions at issue in this case further diminishes the deference given to Plaintiff's choice. See id.; Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86-89 (D.D.C. 2005); Shawnee Tribe, 298 F. Supp. 2d at 24.

In sum, there is no material difference between this case and Abusadeh, Fayyez, and the numerous cases involving the activities of other agencies' field offices. It should be transferred because Washington, D.C.- based officials will not play an "active or significant" role in the decision-making process. Sierra Club v. Flowers, 276 F. Supp. 62, 67-68 (D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision); Airport Working Group of Orange County, Inc. v. United States Dep't of Defense, 226 F. Supp. 2d 227,

3

230-31 (D.D.C. 2002) (transferring because connection to DC was "attenuated" where D.C.

officials were not actively involved in challenged decision). The Southern District of Florida is

the home forum of Plaintiff and the USCIS Miami District Office. It is thus a more appropriate

venue than this Court.

Dated:  December 14, 2007                        Respectfully submitted,

                                       ____/s/_____
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                       ____/s/_____.
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney

                                       _____/s/ Robin M. Meriweather_____.
                                       ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                       Assistant United States Attorney
                                       555 Fourth St., N.W.
                                       Washington, D.C.  20530
                                       Phone: (202) 514-7198 Fax: (202) 514-8780
                                       Robin.Meriweather2@usdoj.gov

**Of Counsel:**

SHERI GLASER
Trial Attorney
U.S. Department of Justice Civil Division
Office of Immigration Litigation

SYLVIA ALONSO
Associate Counsel
United States Citizenship and Immigration Services
Miami, Florida

4

# EXHIBIT
# 3

U.S. Citizenship
and Immigration
Services


Services & Benefits    Immigration Forms    Laws & Regulations    About USCIS    Education & Resources    Press Room

**Office Locator**

**Civil Surgeon Locator**

**Case Status**

**Processing Times**

# USCIS Service and Office Locator

Services Overview » Find A Local Office » In District of Columbia » Office Detail

## Local Office for District of Columbia

### Street Address

The USCIS office that serves your area is the: Washington Field Office

This office is located at:

2675 Prosperity Avenue

Fairfax, VA 22031.

### Mailing Address

The mailing address is:

USCIS

2675 Prosperity Avenue

Fairfax, VA 22031.

### Visiting The Office

In order to visit this office or to speak with an Immigration Information Officer, you must have an appointment scheduled by USCIS, or you must schedule an INFOPASS appointment, on the USCIS website.

PLEASE NOTE: The Information Unit CLOSES every Thursday at 11:00 AM and INFOPASS appointments are not available during those afternoon hours. The office is closed on the first Thursday of each month and on all federal holidays.

REQUEST TO RESCHEDULE AN INTERVIEW:

If you want to reschedule or postpone your interview, you must send a written request to the following email address: was.interviewreschedule@dhs.gov. Your request must be received before the scheduled interview date and include your alien-number, which is written on the appointment notice. Your request must also include the reason(s) for the request to reschedule; you must be very specific when telling us your reason(s).

A Washington Field Office employee will review your request and let you know if your request is granted. The Washington Field Office will only reschedule an interview if there are compelling circumstances, beyond your control, that make it impossible for you to attend the interview.

REQUEST A SIGN-LANGUAGE INTERPRETER:

If you are scheduled for an interview or an oath ceremony and you require a sign-language interpreter, the Washington Field Office can provide one for you. Please write to us at was.accommodation@dhs.gov and provide your name, your alien-number (which appears on your appointment notice), your appointment date, and your appointment time. Our office will contact you about the arrangements we make.

BRINGING SMALL CHILDREN TO AN INTERVIEW OR OATH CEREMONY:

Unless the presence of your child is required at an interview, please do not bring any small children to you scheduled interview or oath ceremony. We have limited seating capacity in our waiting room areas.

**Transportation**

DRIVING DIRECTIONS:

From Route 50 driving east (towards Washington, D.C.), turn left onto Prosperity Avenue.

From Route 50 driving west (towards Fairfax), turn right onto Prosperity Avenue.

From Interstate 66 driving east (towards Washington, D.C.), take exit 62 for Nutley Street/VA-243 South.

Turn left onto Lee Highway (VA-237/US-29).

Turn left onto Prosperity Avenue.

PUBLIC TRANSPORTATION:

Use the orange line to get to the Dunn Loring metro rail stop or metro rail station.

For more information on Metro routes, please call 202-637-7000.

For Amtrak information, please call 1-800-872-7245.

**Parking & Accessibility**

PARKING: There is very limited public parking available in the area.

HANDICAP ACCESSIBILITY: This office is handicapped accessible.

**Service Area**

This office serves the State of Virginia and the District of Columbia.

**Filing Information**

Follow the instructions on the form(s) that you are filing. If the instructions on the application tell you to file the form at a USCIS local office and you live within this service area, you must file the form as noted below.

**Forms to file in Person**

This office accepts the following form(s) in person only, with an INFOPASS appointment:

NONE

**Forms to file by Mail**

This office accepts the following form(s) by mail only:

- Form N-300

- Form N-470

- Form N-600

- Form N-600K

**Forms to file in person or by mail**

This office accepts the following form(s), by mail or in person, with an INFOPASS appointment:

- Form I-600 and I-600A

NOTE: Form I-600 and I-600A may be mailed to the office or filed at the cashier window, Monday through Friday from 8:00 AM to 12:00 PM.

**ADIT Processing**

If you have received a notice to come to this office for "ADIT" processing, you must schedule an INFOPASS appointment, on our website, to visit this office in person.

Remember to bring the following items, to the office, for your appointment:

- Form I-797, "Approval Notice" from the Service Center or an approval letter to process a Form I-551 card

- 2 new passport style photos and a valid passport

- If you do not have a valid passport, bring 3 passport-style photos with you.

**Temporary Evidence of Permanent Resident Status**

To request temporary evidence of your Permanent Residence Status, you must schedule an INFOPASS appointment, on our website, to visit this office in person.

Remember to bring the following items, to the office, for your appointment:

- Form I-797, "Approval Notice" from the Service Center or an approval letter to process a Form I-551 card

- 2 new passport style photos and a valid passport

- If you do not have a valid passport, bring 3 passport-style photos with you.

**Interim Employment Authorization Cards**

Local Offices no longer accept nor adjudicate Form I-765 "Application for Employment Authorization." The Service Centers or the National Benefits Center are responsible for adjudicating any, pending Form I-765 and issuing interim or non-interim documentation.

If USCIS does not approve or deny your Form I-765, Employment Authorization Document (EAD) application within 90 days, or within 30 days for an asylum applicant,

you may request an Interim EAD (Note: Asylum applicants are only eligible to file for EADs after waiting 150 days from the date of properly filing their original completed asylum applications).

To request an Interim EAD, you must schedule an INFOPASS appointment, on our website, to visit this office in person. You must bring the following items to the office: proof of your identity and any documents that USCIS has sent to you regarding your Employment Authorization application.

Once you make your request at the Local office, the local office personnel will forward your request (send a referral) to the Service Center for processing and inform you of the next steps.

**Case Status and Referral Followups**

If you want to know the status of a case that is pending at this office, you should first call customer service at 1-800-375-5283. If your case is outside of our normal processing time, as shown on the uscis.gov web site, a customer service representative will ask USCIS to research your case, and we will send you a letter with further information.

If the customer service representative instructs you to visit our office, you must schedule an INFOPASS appointment, on our website, to visit this office in person.

Remember to bring the following items, to the office for your appointment:

•Any notices we have sent to you

•A valid photo identity document, such as a driver license, passport, employment authorization document, etc.

•A copy of the application or petition that you filed

•Proof of paying the fee such as a copy of a cancelled check (front and back) or money order that has been traced for payment, or a handwritten receipt from an Information Officer.

**Adoption of Orphans**

The processing and adjudication of Orphan Petitions and Advance Processing Orphan Petitions is one of the top priorities for USCIS. Each local office has an officer who is dedicated to processing orphan petitions. If you have already filed a Form I-600, Petition to Classify Orphan as an Immediate Relative and/or a Form I-600A, Application for Advance Processing of Orphan Petition, and you have an emergency need to speak with the adoption officer at this office please send an email to wasadoption@dhs.gov. The adoption officer will respond to your inquiry within 2 business days.

This email address is intended for use only by customers who have a pending or approved Form I-600 or I-600A. To receive a response to an inquiry about a Form I-600 or I-600A, the sender must be the petitioner or his/her legal representative (such as an attorney). If you are the legal representative, you must already have a Form G-28 on file. When sending an email to this address you must provide the following information:

•The petitioner's name,

•The petitioner's date of birth,

•The petitioner's country of birth,

•The receipt number of the Form I-600 or I-600A (if any),

•The alien registration number (A-Number) associated with the case (if any), and

•The name of the child to be adopted (if known)

General information about orphan adoptions is available on the USCIS website, www.uscis.gov, under the "Services and Benefits" section or by calling USCIS Customer Service at 1-800-375-5283.

**Naturalization Information**

REQUEST A SIGN-LANGUAGE INTERPRETER:

If you are scheduled for an interview or an oath ceremony and you require a sign-language interpreter, the Washington Field Office can provide one for you. Please write to us at was.accommodation@dhs.gov and provide your name, your alien-number (which appears on your appointment notice), your appointment date, and your appointment time. Our office will contact you about the arrangements we make.

PHOTOGRAPHS:

When you appear for your naturalization interview, please bring two passport-style photographs with you.

**Attorney or Representative Procedures**

If you are an attorney seeking information at this office you must make an INFOPASS appointment to visit this office.

Attorneys must present a bar card as identification in order to file applications at the cashier's window. The cashier's window is open daily from 8:00AM to 12:00PM.

**Public Meeting & Conference Notifications**

There are no meetings scheduled as of this date.

This office profile was last updated at 04:06:45 04/10/2008

06-09-2008 03:05 PM EDT

Home   Contact Us   Privacy Policy   Website Policies   NoFEAR   Freedom Of Information Act   FirstGov

U.S. Department of Homeland Security

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI AL-AHMED,         ) | |
|         ) | |
|         Plaintiff,         ) | |
|         ) | |
| v.         ) | Civil Action No. 08-0678 (ESH) |
|         ) | |
| MICHAEL CHERTOFF, Secretary,     ) | |
| U.S. Department of Homeland Security, *et al.*   ) | |
|         ) | |
|         Defendant.         ) | |
|         ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion to Transfer, and for good cause

shown, it is hereby:

ORDERED that Defendants' Motion is GRANTED, and it is further

ORDERED that this action is herby TRANSFERRED to the United States District Court

for the Eastern District of Virginia.


SIGNED:


_____                    _____
Date                                ELLEN SEGAL HUVELLE
                                    United States District Judge