UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALI AL-AHMED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, Secretary,<br>U.S. Department of Homeland Security, *et al.*<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0678 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**

Defendants, by and through their undersigned counsel, hereby submit this reply to Plaintiff's opposition ("Opposition") to Defendants' Motion to Transfer ("Motion"). For the reasons stated below and those set forth in Defendants' memorandum of points and authorities in support of their Motion ("Opening Brief"), this action should be transferred to the EDVA.[1]

**PRELIMINARY STATEMENT**

Contrary to Plaintiff's assertions, Defendants seek to transfer this action, not based upon their own whims, but because venue is proper and more convenient in the EDVA. Nothing in Plaintiff's Opposition supports an alternate conclusion.

*First*, Plaintiff's arguments that venue is improper in the EDVA are based upon inapposite, outdated, and non-controlling authorities and a distortion of the record.

*Second*, Plaintiff unsuccessfully attempts to distinguish this case from other actions that have been transferred when such actions concerned the activities of an agency field office. Plaintiff seeks to compel the USCIS to adjudicate his immigration application, which is pending

---

[1] Unless otherwise noted, defined terms used herein are intended to have the same meaning as those used in Defendant's Opening Brief.

at the USCIS Field Office located in Fairfax, Va. Accordingly, aside from Plaintiff's unsupported assertions, quite clearly his claims center on decisions made or inactivity by officials in that office in the EDVA. Indeed, nothing in the Opposition or his Complaint supports Plaintiff's remarkable allegation that the delay in adjudicating his application is "an aberration that unavoidably involves action by" agency officials in this District. Opp. at 8.

*Third*, notwithstanding Plaintiff's assertions, this Court regularly transfers cases to the EDVA for the convenience of the parties when appropriate, a practice that the D.C. Circuit has approved.

*Fourth*, the somewhat public nature of Plaintiff's work is not a valid consideration on this Motion. That is, simply because Plaintiff purports to engage in political-type employment activities, does not mean that his immigration application (which is pending in the EDVA) is more conveniently before a Court in Washington, D.C., rather than the EDVA. Indeed, nothing in Plaintiff's Opposition refutes the well accepted principal that the public has a local interest in having local controversies decided at home.

Therefore, this action should be transferred to the EDVA.

## ARGUMENT

I.  **VENUE IS APPROPRIATE IN THE EDVA.**

In arguing that the EDVA is not a proper venue, Plaintiff asserts (a) that Defendants concede that all Defendants reside in this District; (b) that Plaintiff, as an alien, does not reside in the EDVA; and (c) that a substantial part of the events underlying his claims did not arise in the EDVA. *See* Opp. at 3-4. Plaintiff's arguments, however, are without merit.

### A.     Venue Is Proper in the EDVA Because a Defendant "Resides" There.

Far from conceding that all Defendants "reside" in this District, based upon the facts set forth in Defendants' Opening Brief, at least one Defendant undoubtedly resides in the EDVA for purposes of venue. That is, Plaintiff names the District Director of the Washington District as a Defendant.[2] *See* Comp. at 1, ¶ 10. As noted in Defendants' Opening Brief, the Washington District field office where two of Plaintiff's three immigration applications are pending is located in Fairfax, Virginia -- *i.e.*, within the EDVA. *See* Open. Br. at 2, 4. Susan Dibbins, the current acting District Director, confirms the obvious connection that stems therefrom -- *i.e.* that the District Director of the Washington District performs his or her official duties at the USCIS Field Office located in Fairfax, Va. *See* Dibbins Decl. at ¶ 3, attached hereto at Ex. A ("Reply Ex. A"). Consequently, the District Director is a resident of the EDVA for venue purposes in this action. *See, e.g.*, *Nestor v. Hershey*, 425 F.2d 504, 521, n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties.") (internal quotation and citation omitted). Therefore, venue is proper in the EDVA based upon a defendant residing within that district.

### B.     Venue is Proper in the EDVA Because Plaintiff Resides There.

Furthermore, Plaintiff's residence makes the EDVA an available venue for this action. Plaintiff argues that he, as an alien, is not a resident of any judicial district for venue purposes. *See* Opp. at 3-4. This argument, however, is based upon outdated, inapposite and distinguishable law.

---

[2]     The individual that Plaintiff alleges holds this position, Phyllis Howard, has left the position. The position is now filled by Susan Dibbins on an acting basis. *See* Dibbins Decl. at 1, Reply Ex. A. By operation of Rule 25(d), Ms. Dibbins is automatically substituted for Ms. Howard. *See* Fed. R. Civ. P. 25(d). This substitution, however, does not change the analysis described above in any way.

In support of his argument, Plaintiff first cites *Arevalo-Franco v. U.S. Immigration & Naturalization Servs.*, 889 F.2d 589, 590 (5th Cir. 1989), for the unintuitive holding that "aliens . . . 'are not residents of any district despite where they might live.'" *See* Opp. at 3, *quoting Arevalo-Franco*, 889 F.2d at 590.  This, however, was not the Fifth Circuit's holding in *Arevalo-Franco*.  Far from supporting Plaintiff's argument, the non-controlling holding in that case decided that an alien *was a resident* of a judicial district for purposes of the FOIA jurisdiction and venue provision.  *See id.* at 591.  Indeed, the *Arevalo-Franco* court remanded the action to the district court to determine if the alien in fact lived or worked within the Western District of Texas, which would make venue in that district proper.  *See id.*

Plaintiff's second cited case is equally unsupportive.  Like the Fifth Circuit in *Arevalo-Franco*, the Eleventh Circuit in *Williams v. United States*, 704 F.2d 1222, 1225 (11th Cir. 1983), held that an alien's residence *was relevant to venue* in a suit against the United States.  Specifically, the *Williams* court held that under the venue provision for suits against the United States, 28 U.S.C. § 1402(a)(1) -- which provides that venue is proper in the judicial district in which a plaintiff resides -- a resident alien (*i.e.*, one who resides in the United States) is deemed to be a resident of the district in which he or she resides.  *See id.* at 1227.

Plaintiff's third cited case is also non-controlling and inapposite as it addressed (i) prior, outdated versions of Sections 1332 (diversity jurisdiction), and 1391(a) (diversity venue); and (ii) addressed jurisdiction and venue in a private, diversity action, not in a suit against government officials.  *See Prudencio v. Hanselmann,* 178 F. Supp. 887, 888-89 (D. Minn. 1959). Indeed, the question raised in that suit -- whether a resident alien plaintiff could haul an out-of-town private defendant into the alien's home district for suit (*see id.*) -- is dissimilar to the question posed here -- whether venue of Plaintiff's action against government officials

concerning his immigration applications is proper in the district in which he resides and his immigration applications are pending. Further, *Prudencio* has been abrogated by statute, in that the diversity jurisdiction provision of the U.S. Code now specifically states that "[f]or the purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *See* 28 U.S.C. § 1332 (2005) (section added by the Judicial Improvements and Access to Justice Act of 1988).[3]

The last case cited by Plaintiff in this regard, *Ou v. Chertoff*, Civ. A. No. 07-3676, 2008 WL 686869, *1-2 (N.D. Cal. Mar. 12, 2008), is not controlling and is unpublished. Moreover, although the Northern District of California attempted to distinguish it, the holding in *Ou* is directly refuted by the Court's decision in *Abusadeh v. Chertoff*, Civ. A. No. 06-2014 (CKK), 2007 WL 2111036, at *5 (D.D.C. July 23, 2007), which held that venue was proper in the

---

[3] Plaintiff's confusion and the broad-sweeping, nonsensical notion that an alien's physical residence is irrelevant to all venue analyzes stems from an unwarranted expansion of the Supreme Court's holding in *Galveston, H. & S A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506-507 (1894). In *Galveston*, the Court interpreted the then existing diversity venue provision of the U.S. Code, which provided: "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." *Id.* at 499. In analyzing this statute, which facially allows for different venues in cases amongst citizens of different States, the Court noted:

> In the constitution and laws of the United States, citizenship is affirmed of a state, or of the United States. Inhabitancy may be affirmed either of the United States, a state, or a subordinate locality. *Nor, in our view, does it make any difference that the plaintiff is an alien instead of a citizen. The provision that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant is of universal application, except that, if the plaintiff be also a citizen, he may bring it in his own district,* if he can obtain service upon the defendant in that district. The purpose of this is that the plaintiff may have the same advantage of litigation in his own district that the defendant has. An alien, however, is assumed not to reside in the United States, and hence must resort to the domicile of the defendant.

*Id.* at 506-07. That is, instead of realizing a broad-sweeping legal-fiction that an alien does not have a residence for venue purposes, the Court merely interpreted the clear language of the statute that gave different rights to citizens. Indeed, the Court expressly held that "it [does not] make any difference that the plaintiff is an alien instead of a citizen," in judging a person's inhabitance (*i.e.*, residence). Although certain non-controlling decisions seem to, in dicta, embrace the above-noted broad-sweeping legal-fiction, to Defendant's knowledge no case other than *Ou v. Chertoff*, No. C-07-3676, 2008 WL 686869 (N.D. Cal. March 12, 2008), has ever concluded that such a legal-fiction is applicable in ascertaining venue under 28 U.S.C. § 1391(e) -- *i.e.*, cases against federal agencies and officers. Further, Defendant has found no case in this District or Circuit that adopts the expansive reading of *Galveston* advocated by Plaintiff.

Southern District of Texas in part because plaintiff, an alien, lived within that district. *See id*. Moreover, the *Ou* decision only cites the cases that Defendants distinguish above in reaching its conclusion that an alien's residence is inapplicable to a venue analysis under 28 U.S.C. § 1391(e) -- a statute which none of the cited cases address.

Accordingly, based upon the plain text of the statute and plaintiff's undisputed residence in the EDVA, the EDVA is a proper venue.

### C. Venue is Proper in the EDVA Because a Substantial Portion of the Alleged Events Giving Rise to Plaintiff's Claims Occurred There.

Notwithstanding Plaintiff's unsupported theories and newly posed allegations of conspiracy, undoubtedly a substantial portion of the purported events giving rise to Plaintiff's claims occurred in the EDVA. Plaintiff alleges that adjudication of his immigration applications has been unreasonably delayed. Plaintiff also alleges that the USCIS field office in the EDVA was responsible for two-thirds of his applications. Accordingly, the inaction of the USCIS field office in the EDVA, and whether such inaction was reasonable or not, is a central component of Plaintiff's claims as set forth in the Complaint if they have any legal merit.

In an attempt to avoid this straightforward analysis, Plaintiff speculates that the delay in adjudicating his immigration applications "strongly suggests that other factors are at work, and subject to determinations likely made by agency officials in the District of Columbia." Opp. at 4. This unfounded and unsupported assertion is belied by the documents Plaintiff himself attaches to his Opposition and his Complaint. That is, such documents show that a majority of Plaintiff's applications are pending at, being processed by and will be adjudicated by the USCIS field office in Fairfax, Va. *See, e.g.*, Compl. at Exs. L, J; Opp. at Ex. 1. Indeed, as the decision in *Abusadeh* correctly noted "decisions [by USCIS] about whether to expedite a particular application . . . are made by the local USCIS offices based on their individual criteria[.]"

*Abusadeh*, 2007 WL 2111036, at *8. Plaintiff cites no authority for his unfounded allegations to the contrary, and thus, they should be rejected by the Court on this Motion.

## II. PUBLIC AND PRIVATE INTERESTS FAVOR TRANSFER.

### A. Plaintiff's Choice of Venue Deserves Little Deference.

Plaintiff himself concedes that "the very core of [his] claim for relief is that the field office has not made a decision" (*see* Opp. at 6); yet remarkably argues that this District, and not the EDVA, has meaningful ties to this dispute. Even assuming Plaintiff's claims are legally viable -- of which there is substantial doubt -- they centrally will require proof that the Agency, and specifically the EDVA field office, have been unreasonable in their failure to adjudicate Plaintiff's application. Accordingly, the actions and inactions of the EDVA are, to use Plaintiff's words, "the very core" of Plaintiff's claims.

Whereas, beyond mere speculation, Plaintiff points to no acts or omissions that took place in this District. Accordingly, this dispute lacks any meaningful ties to this District, and Plaintiff's chosen forum deserves little deference. *See, e.g.*, *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 33 (D.D.C. 2008) (Roberts, J.) ("[I]f the plaintiffs are not residents of the forum and most of the relevant events occurred elsewhere, this deference [to plaintiffs' chosen forum] is weakened. . . . When the plaintiffs reside in the transferee district, their choice of forum is also diminished.") (internal quotations and citations omitted).

### B. This District is Not Where the Claims Arose.

Similarly, beyond mere speculation and innuendo in his Opposition, Plaintiff has failed to point to any involvement by any official in this District in the acts or omissions upon which Plaintiff bases his claims. As the exhibits to Plaintiff's Complaint further illustrate, his applications, as with most other immigration applications, are assigned to field offices or service

centers for processing and adjudication. *See* Compl. at Ex. J, L (showing assignments to Washington Field Office located in EDVA). Plaintiff has pointed to no evidence that could contradict this rule and show that his applications were processed or reviewed by a central authority in this District. Accordingly, and as noted above, the actions or inactions of the field office in the EDVA form the basis of a majority of Plaintiff's claims concerning his applications.

### C. This District Routinely Transfers Appropriate Cases to the EDVA.

Contrary to Plaintiff's implications, this Court regularly transfers cases to the EDVA when appropriate despite its relative geographic proximity. *See, e.g.*, *Veney v. Starbucks*, --- F. Supp. 2d ---, 2008 WL 2461230, at *2-4 (D.D.C. June 19, 2008) (Urbina, J.) (transferring case to the EDVA despite plaintiff working in this District when majority of sources of proof were located in the EDVA, holding that the proximity of the EDVA weighs "neither for nor against transfer"); *Montgomery*, 532 F. Supp. 2d at 32-35 (transferring action to the EDVA, holding that geographic proximity of the EDVA favors neither side on a transfer motion). Indeed, the D.C. Circuit has affirmed such transfers. *See, e.g.*, *In re Munson*, No. 03-5034, 2003 WL 21396874, at *1 (D.D.C. June 12, 2003) (affirming transfer of mandamus case to EDVA when defendant official and petitioner resided in the EDVA, and a substantial portion of the activities took place in the EDVA); *Porter v. Pearson*, No. 96-5093, 1996 WL 248091, at *1 (D.C. Cir. Apr. 3, 1996) ("Transfer of this case to the Eastern District of Virginia, in the interests of justice and based on the convenience of the parties, was well within the district court's discretion); *Johnson v. Fairfax Hosp. Sys., Inc.*, 968 F.2d 92 (D.C. Cir. 1992) (transferring case to the EDVA). Plaintiff's argument that Defendants' motion to transfer to the EDVA is somehow abnormal and evidence of forum shopping (*see* Opp. at 11) is plainly rebutted by the above precedent. Consistent with the holding in these cases, because the majority of documents and witnesses are located in the

EDVA, the convenience of the parties would be served by transfer to that district notwithstanding its proximity to this District.

> D. **Notwithstanding Plaintiff's Political Employment Activities, the Public Interest Is Served By Adjudicating This Local Controversy At Home.**

Without any legal support, Plaintiff asserts that his occupation as a political commentator should somehow compel this Court to deny the Motion. This assertion is nonsensical. Simply because Plaintiff's chosen profession is one that provides him access to the soapbox of modern media, does not mean that this dispute between an alien residing in Virginia and a government field office in Virginia should be litigated in Washington, D.C. Indeed, Judge Kollar-Kotelly in *Abusadeh v. Chertoff*, Civ. A. No. 06-2014 (CKK), 2007 WL 2111036, at *8 (D.D.C. July 23, 2007), properly characterized disputes concerning an alien's immigration application as a local controversy:

> [T]here is a local interest in having localized controversies decided at home. This rationale applies to controversies involving federal decisions that impact the local environment, *and to controversies requiring judicial review of an administrative decision*.
>
> While Plaintiff protests describing this matter as a "local controversy," this case ultimately involves a determination of whether the USCIS Houston office should be compelled to expedite processing of Plaintiff's application for naturalization. As District Director Hudson explains in her Supplemental Declaration, decisions about whether to expedite a particular application for naturalization are made by the local USCIS offices based on their individual criteria, and there are "approximately 233 applicants for either adjustment of status or for naturalization . . ." Insofar as Plaintiff seeks a court to become involved in dictating the priorities of a local USCIS office, it appears that the United States Court for the Southern District of Texas is better positioned to do so, and may have a superior interest in doing so.

*Id.* (internal quotations and citations omitted; emphasis in original). Importantly, Plaintiff does not attempt to distinguish or refute this authority, which addressed the very question posed in this action and concluded that a transfer was proper. *See Abusadeh*, 2007 WL 2111036, at *8-9.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' Opening Brief, the Court should transfer this action to the EDVA.

Dated: July 11, 2008
      Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


     /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


     /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendants*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ali Al-Ahmed )<br>      Petitioner, )<br> )<br> )<br>v. )<br> )<br>Michael Chertoff, )<br>Secretary, )<br>U.S. Department of Homeland Security, )<br>*et al.*, )<br>      Respondents. )<br> ) | Civil Action No. 08-0678 (ESH) |

### DECLARATION OF SUSAN P. DIBBINS

Pursuant to 28 U.S.C. § 1746, Susan P. Dibbins declares under penalty of perjury as follows:

I, Susan P. Dibbins, hereby declare:

I am the Field Office Director of the Washington District Office, located in Fairfax, Virginia, of the United States Citizenship and Immigration Services (USCIS) in the Department of Homeland Security (DHS). I oversee the adjudication of applications for immigration benefits, including applications for naturalization. I held the position of Assistant District Director from September 2004 until April 1, 2007, when I was promoted to the position of Field Office Director. I am also temporarily serving as the Acting District Director of the Washington District of USCIS. Prior to my assignment as the Acting District Director, Gregory Christian served as the District Director. Phyllis Howard served as the District Director prior to Gregory Christian.

In those capacities, and based upon reasonable inquiry and my knowledge, information and belief, I state the following:

(1) The Washington District of USCIS has jurisdiction over the Commonwealth of Virginia and the District of Columbia.

1

(2) There are two field offices located in the Washington District; one in Fairfax, Virginia, and one in Norfolk, Virginia.

(2) The Office of the District Director is located in the Fairfax, Virginia field office.

(3) The District Director performs his/her official duties in the Fairfax, Virginia field office.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on the 11th day of June, 2008

Susan P. Dibbins
Acting District Director, District 7
Field Office Director, Fairfax, VA Office
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security