UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI AL-AHMED, | ) |
|             Plaintiff, | ) |
| v. | ) Civil Action No. 08-0678 (ESH) |
| MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security, *et al.*, | ) |
|            Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff has filed suit pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 702, to compel action on his I-485 application for adjustment of immigration status, his I-131 application for a travel document, and his I-765 application for employment authorization. Defendants have moved to transfer the case to the United States District Court for the Eastern District of Virginia. For the reasons set forth below, the Court will grant defendants' motion.

**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Accordingly, even when venue is initially proper, a district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The moving party has the

burden of establishing that transfer is appropriate. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

At the outset, this Court must determine whether this case might have been brought in the Eastern District of Virginia.[1] In an action brought against an officer or employee of the United States or any of its agencies, venue is proper in any district where (1) a defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e). In this case, venue is clearly proper in the Eastern District of Virginia because defendant Susan Dibbins, acting District Director of USCIS's Washington Field Office, resides in that district, and the events or omissions giving rise to plaintiff's claims have occurred or will occur there.[2] Specifically, plaintiff's applications for a travel document and for employment authorization are being adjudicated at the USCIS Washington office located in Fairfax, Virginia; plaintiff was scheduled by that office for a fingerprint appointment and interviewed there in connection with his

---

[1] Plaintiff filed suit against Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of the United States Citizenship and Immigration Services ("USCIS"); Michael B. Mukasey, United States Attorney General; and the District Director of the Washington office of USCIS. Accordingly, venue is appropriate in the District of Columbia under 28 U.S.C. § 1391(e) since three of the four defendants reside in the District. *See Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties." (internal quotation marks and citation omitted)).

[2] Although plaintiff lives in the Eastern District of Virginia, he argues that venue is improper there because he, as an alien, does not reside in any district for purposes of venue. (Opp'n at 3.) Assuming without deciding that plaintiff is correct, venue is still appropriate in the Eastern District of Virginia for the reasons stated herein.

adjustment of status application; and plaintiff has communicated with that office regarding the status of his applications.[3] (Compl. ¶¶ 16-17, 21, 27, 29 and Ex E.)

The Court rejects plaintiff's contention that the District of Columbia is the only proper venue for this case. Contrary to plaintiff's assertion (*see* Opp'n at 4), the fact that processing of these applications has been delayed does not mean that agency officials in the District of Columbia are in any way involved in the adjudication of the applications. Numerous cases based on delayed processing of these and other types of immigration applications have been filed in districts throughout the country. *See, e.g., Aslam v. Mukasey*, 531 F. Supp. 2d 736 (E.D. Va. 2008), and the cases cited therein. To accept plaintiff's argument would turn all of these cases into actions that could only be brought in the District of Columbia.

Once the Court determines that venue would be proper in the proposed transferee district, it then "uses its broad discretion to balance case-specific factors related to the public interest of justice and the private interests of the parties and witnesses." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008). Private interest factors include: (1) each party's choice of forum; (2) where the claim arose; (3) the convenience of the parties; (4) the convenience of the witnesses, particularly if important witnesses may be unavailable to give live testimony in one of the trial districts; and (5) the ease of access to sources of proof. *Robinson v. Eli Lilly & Co.*, 535 F. Supp. 2d 49, 51 (D.D.C. 2008) (citation omitted). Public interest factors include (1) the transferee court's familiarity with the applicable law; (2) the relative congestion of the calendars

---

[3] Plaintiff filed his application for adjustment of status when he lived in St. Paul, Minnesota. (Compl. ¶13 and Ex. B.) Thus, according to defendants, that application is being processed at USCIS's Chicago Field Office. (Mot. to Transfer at 2 n.1; *see also* Opp'n Ex. 1.) Notably, however, the application is not being processed in the District of Columbia.

of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Id.* at 52 (citation omitted).

The first two factors weigh in favor of transfer since plaintiff lives in the Eastern District of Virginia and as discussed above, the relevant events giving rise to plaintiff's claim have occurred or will occur in that district.[4]  For these reasons, plaintiff's choice of forum is entitled to substantially less deference.  *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979) (noting that plaintiff's choice of forum is accorded "diminished consideration" where that forum "has no meaningful ties to the controversy and no particular interest in the parties or subject matter" (citations omitted)).  By contrast, little, if any, of the activity giving rise to plaintiff's claims has occurred in the District of Columbia nor will it.  While plaintiff names as defendants certain high-level government officials with offices in this district, these individuals are not the ones who will adjudicate his applications.  Rather, those decisions will be made at the local USCIS office in Virginia.[5]  Where, as here, "the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia."[6]  *Abusadeh v. Chertoff*, No. 06-2014, 2007 U.S. Dist. LEXIS 52549, at *20 (D.D.C. July 23, 2007) (internal quotation marks and citation omitted).

---

[4] Even if, as plaintiff contends, he cannot be considered to reside in Virginia for purposes of venue, the fact that he lives there gives him ties to that forum.

[5] As stated previously, decision-makers at USCIS's Chicago Field Office will adjudicate plaintiff's status adjustment application.

[6] Although plaintiff works in the District of Columbia and "is a renowned scholar" with "international prominence" (Opp'n at 12), these facts have no bearing on plaintiff's attempt to compel action on his personal immigration applications by decision-makers located in the Eastern District of Virginia or the Northern District of Illinois.  *See* note 5, *supra*.

The final three private interest factors favor neither side given the fact that the Eastern District of Virginia and the District of Columbia courthouses are located in close proximity to each other. *Montgomery*, 532 F. Supp. 2d at 34.

With respect to the public interest factors, the Court notes that this case involves the application of federal law, with which this Court and the Eastern District of Virginia are equally familiar, and the parties have presented the Court with no evidence regarding the relative congestion of the respective courts. Therefore, neither of these factors favors either side. However, the third factor favors transfer because the Eastern District of Virginia has a stronger interest in this case than does this district. The local interest in resolving local disputes at home "applies to controversies involving federal decisions that impact the local environment, *and to controversies requiring judicial review of an administrative decision*." *Abusadeh*, 2007 U.S. Dist. LEXIS 52549, at *25-26 (quoting *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 (D.D.C. 2003)).

Accordingly, the Court concludes that the balance of public and private interests favors transfer of this case to the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer will be granted. A separate order accompanies this Memorandum Opinion.

                                                         /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

Date: July 14, 2008